```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

```
MELISSA BLOUNT,                     No. 20-18805

         Plaintiff,

    v.                              OPINION

TD BANK, N.A., AMBER CARROLL,
SCOTT LINDER, RICK BECTEL,
ET. AL., JOHN DOES 1-10, ABC
CORPORATION 1-10.

         Defendants.
```

**APPEARANCES**

DESHA L. JACKSON
DESHA L. JACKSON LAW GROUP, LLC
200 DANIELS WAY
SUITE 200
FREEHOLD, NJ 07728

   *On behalf of Plaintiff*

A. KLAIR FITZPATRICK
MORGAN, LEWIS & BOCKIUS LLP
1701 MARKET STREET
PHILADELPHIA, PA 19103-2921

RUDOLPH J. BURSHNIC II
MORGAN, LEWIS & BOCKIUS LLP
502 CARNEGIE CENTER
PRINCETON, NJ 08540-7814

   *On behalf of Defendant TD Bank, N.A.*

**HILLMAN**, District Judge

   This matter comes before the Court by way of Plaintiff Melissa Blount's ("Plaintiff") Motion to Remand. For the reasons expressed below, Plaintiff's Motion will be denied.

**BACKGROUND**

Defendant TD Bank, N.A. ("TD Bank") removed Plaintiff's case from New Jersey Superior Court on December 11, 2020. This Court has subject matter jurisdiction based on the diversity of citizenship of the parties and an amount in controversy in excess of $75,000, exclusive of interests and costs, pursuant to 28 U.S.C. § 1332(a). Plaintiff is a citizen of North Carolina, and TD Bank is a citizen of Delaware.[1] Plaintiff's complaint also named Amber Carroll ("Carroll"), Scott Linder ("Linder"), and Rick Bechtel ("Bechtel") as individual defendants. Bechtel is a citizen of Illinois, and Carroll and Linder are citizens of New Jersey. (ECF No. 1.)

On January 8, 2021, Plaintiff filed a Motion to Remand the matter to state court. (ECF No. 9.) In her Motion to Remand, Plaintiff asserts that the forum defendant rule contained in 28 U.S.C. § 1441(b)(2) necessitates remand because Defendants Carroll and Linder are citizens of New Jersey and both were properly joined and served with process before removal was

---

[1] TD Bank is a national bank association organized under the laws of the United States of America, with its main offices, as designated in its articles of association, located in the State of Delaware at 2035 Limestone Road, Wilmington. Accordingly, TD Bank is a citizen of Delaware for purposes of determining diversity jurisdiction. See Wachovia Bank, N.A. v. Schmidt, 546 U.S. 303 (2006) (holding that a national bank is, for purposes of diversity jurisdiction, a citizen of the state in which its main office is located as stated in its charter).

2

effectuated.  More specifically, Plaintiff claims that Defendants Carroll and Linder (the "NJ Defendants") were served with effective process before TD Bank's Notice of Removal was filed in state court.  (ECF No. 9, at 4-5.)  She further argues that even if that were not true, so-called "snap removal" – where a served defendant removes a case from state court on diversity grounds prior to service on defendants whose citizenship may defeat such jurisdiction - is contrary to the legislative intent behind § 1441(b)(2).

On February 16, 2021, TD Bank filed a brief in opposition to Plaintiff's Motion to Remand in which it argued that Plaintiff's purported service of the NJ Defendants was insufficient under NJ Court R. 4:4-4(a)(1) and that the Third Circuit expressly approved of snap removal in Encompass Ins. Co. v. Stone Mansion Rest., Inc., 902 F.3d 147 (3d Cir. 2018).  (ECF No. 14.)  Plaintiff then filed a Reply Brief in which she asserted additional arguments regarding the sufficiency of the purported service upon the NJ Defendants, including that NJ Court R. 4:4-4(a)(1) is not strictly construed and that "substantial good faith compliance is enough."[2]  (ECF No. 15.)

---

[2] Plaintiff in her Reply Brief also presents a new argument about the applicability of Encompass and cites to two subsequent District of New Jersey cases.  (ECF No. 15, at 2-5.)  Plaintiff in this discussion seems to conflate diversity jurisdiction under 28 U.S.C. § 1332(a) with the forum defendant rule of § 1441(b)(2).  In any event, the two cases cited, Keyser v. Toyota

3

**DISCUSSION**

Before turning to the substance of the parties' arguments, the Court must first address what arguments it may consider in ruling on the instant Motion to Remand. As stated, the Plaintiff's Reply Brief asserts new arguments about judicial construction of NJ Court R. 4:4-4(a)(1) and the sufficiency of the purported service on the NJ Defendants.[3]

The Court would normally disregard arguments raised for the first time in a reply brief. Thomas v. Corr. Med. Services, Inc., No. 04-3358, 2009 U.S. Dist. LEXIS 21762, at *41-42 (D.N.J. March 17, 2009) (citing Bayer AG v. Schein Pharm., 129 F. Supp. 2d 705, 716 (D.N.J. 2001)). However, adjudication of the instant Motion to Remand requires consideration of the sufficiency of the purported service upon the NJ Defendants on the morning of December 14, 2020, which occurred before TD Bank

---

Material Handling Northeast, Inc., No. 1:20-10584, 2020 U.S. LEXIS 238370 (D.N.J. Dec. 18, 2020) and Dillard v. TD Bank, NA, 1:20-07886, 2020 U.S. Dist. 132881 (D.N.J. July 28, 2020), dealt with snap removal in the context of non-diverse parties. Both Encompass and this case involve completely diverse parties, and thus present no diversity jurisdiction issue under § 1332(a).Moreover, the Third Circuit explicitly approved of snap removal as a general matter in Encompass, and the cases Plaintiff cites are not to the contrary. Encompass, 902 F.3d at 153.

[3] Indeed, Plaintiff's only assertion in her moving brief defending the sufficiency of service on the NJ Defendants cites to the wrong NJ Court Rule, citing NJ Court R. 1:5-2 rather than NJ Court R. 4:4-4(a)(1). (ECF No. 9, at 3.)

4

filed its removal papers in state court later that afternoon.[4] (ECF No. 9, Exhibit C and D.) More simply, if such service was effective, then removal would be procedurally defective because the NJ Defendants would have been "properly joined and served," triggering the forum defendant rule and requiring remand. See Dutton v. Ethicon, Inc., 423 F. Supp. 3d 81, 88 (D.N.J. 2019) (noting that a defendant who is served with effective process after he removes to federal court, but before such removal papers are filed in state court, is considered "properly joined and served" under § 1441(b) thus making removal procedurally defective and requiring remand). For this reason, the Court will consider the new arguments raised in Plaintiff's reply brief as well as the arguments raised by TD Bank's Sur-reply and Plaintiff's response to TD-Bank's sur-reply.[5] As detailed below,

---

[4] Federal courts apply the law of the state within which service was purportedly made when determining the validity of service before removal. Granovsky v. Pfizer, Inc., 631 F.Supp.2d 554, 560 (D.N.J. 2009) (citing Allen v. Ferguson, 791 F.2d 611, 616 n.8 (7th Cir. 1986)). Accordingly, NJ Court R. 4:4-4(a)(1) is the controlling law in this inquiry.

[5] On February 26, 2021, in response to the new arguments raised in Plaintiff's Reply Brief, TD Bank filed a letter request asking this Court for leave to file a sur-reply in further opposition to Plaintiff's Motion to Remand. (ECF No. 16.) Plaintiff opposed Defendant's request to file a sur-reply because it "has been done without permission from the Court." (ECF No. 17.) However, the Court notes TD Bank specifically asked for permission to file the sur-reply in the letter from TD Bank's counsel dated February 26, 2021. (ECF No. 16.) Accordingly, this Court finds Plaintiff's objection meritless.

the Court finds denial of Plaintiff's Motion to Remand is warranted even when considering Plaintiff's new arguments raised in the Reply Brief.

Plaintiff, the party asserting the validity of service, bears burden to establish the validity of the December 14, 2020 service on the NJ Defendants. Grand Ent. Grp., Ltd. v. Star Media Sales, Inc., 988 F.2d 478, 488 (3d Cir. 1993) ("("[T]he party asserting the validity of service bears the burden of proof on that issue."). Here, TD Bank, as the removing party, "bear the burden of establishing removal jurisdiction and compliance with all pertinent procedural requirements." Aetna Inc. v. Insys Therapeutics, Inc., 284 F. Supp. 3d 582, 584 (E.D. Pa. 2018) (quoting Dixon v. Allstate Ins. Co., No. 17-0532, 2017 U.S. Dist. LEXIS 45147, at *3 (E.D. Pa. Mar. 27, 2017)). However, even in the context of a motion to remand, 'proper service of a defendant is not presumed,' and the party asserting the validity of service bears the burden of proof on that issue." Id. (quoting Hutton v. KDM Transp., Inc., No. 14-3264, 2014 U.S. Dist. LEXIS 92978, at 8 (E.D. Pa. July 9, 2014)). Plaintiff has failed to carry that burden.

Here, the purported service involved serving one "Eunique Colon, Teller II" ("Ms. Colon") at a TD Bank branch located at 1701 Route 70 East, Cherry Hill, New Jersey 08034 (the "Atrium Branch Store") on behalf of the NJ Defendants on the morning of

6

December 14, 2020.  (ECF No. 9, Exhibit C.)  Plaintiff has claimed that the Atrium Branch Store was the "last known address to Plaintiff," a claim that is unconvincing and contrary to the record.  (ECF No. 9, at 2.)  Indeed, TD Bank included the home addresses of the NJ Defendants in its Notice of Removal filed on December 11, 2020, three days before this purported service was made.  (ECF No. 1, at 2.)  As such, these home addresses were available to Plaintiff to attempt personal service at the NJ Defendants' "dwelling place or usual place of abode," as required by NJ Court R. 4:4-4(a)(1).  For this reason, the Court rejects Plaintiff's subsequent argument in her Reply Brief that service on Ms. Colon constituted a "good faith effort" to serve the NJ Defendants such that the requirements of NJ Court R. 4:4-4(a)(1) should be relaxed.

Moreover, even if the Atrium Branch Store was the last known address to Plaintiff, Plaintiff has failed to explain how nor prove that Ms. Colon was in fact authorized to accept service on behalf of the NJ Defendants.  According to TD Bank, neither of the NJ Defendants ever worked out of the Atrium Branch Store and Defendant Carroll was not employed by TD Bank in any capacity at the time of service.  (ECF No. 14, at 4–6.)  Under such circumstances, it is difficult to imagine how Ms. Colon was authorized to accept service on behalf of the NJ

Defendants, and Plaintiff provides no explanation.[6]

Finally, the purported service on the NJ Defendants fails as a matter of law. Courts applying New Jersey law have repeatedly found that serving an individual not specifically authorized to accept service on behalf of a defendant at that defendant's place of employment is insufficient under NJ Court R. 4:4-4(a)(1). See, e.g., R.K. v. Bender, No. 17-1299, 2017 U.S. Dist. LEXIS 122702, at *8-9 (D.N.J. July 7, 2017), report and recommendation adopted, No. 17-1299, 2017 U.S. Dist. LEXIS 121742 (D.N.J. Aug. 1, 2017); Enobakhare v. Robert Wood Johnson Univ. Hosp., No. 16-1457, 2017 U.S. Dist. LEXIS 185356, *8-9 (D.N.J. Nov. 8, 2017); Moses v. Home Depot Inc., No. 16-2400, 2017 U.S. Dist. LEXIS 99799, at *10 (D.N.J. June 27, 2017); Wohlegmuth v. 560 Ocean Club, 695 A.2d 345, 346 (N.J. Sup. Ct.

---

[6] In her Reply Brief, Plaintiff does present an argument about when an agent may accept service on behalf of a principal. (ECF No. 15, at 7-9.) Yet, apart from simply calling Ms. Colon the "alleged agent" of the NJ Defendants, Plaintiff presents no information to demonstrate that Ms. Colon was an agent of the NJ Defendants or otherwise authorized to accept service of process on their behalf. This is insufficient. See Baker v. Lincoln Park Bancorp, No. 20-8731, 2020 U.S. Dist. LEXIS 173516, at *9 (D.N.J. Sept. 22, 2020) (quoting Curbison v. United States, No. 5-5280, 2006 U.S. Dist. LEXIS 89004, at *6 (D.N.J. Dec. 7, 2006) "If service of process is made to 'a person authorized by appointment or by law to receive services of process' on an individual's behalf, the plaintiff bears the burden of proof 'that an alleged agent has specific authority, express or implied, for the receipt of process.'")).

8

App. Div. 1997).[7]  Accordingly, the Court will deny Plaintiff's Motion to Remand.

## **CONCLUSION**

For the reasons expressed above, Plaintiff's Motion to Remand (ECF No. 9) will be denied.  An appropriate Order will be entered.


Date: June 28, 2021                    s/ Noel L. Hillman
At Camden, New Jersey              NOEL L. HILLMAN, U.S.D.J.

---

[7] The Court also rejects Plaintiff's final argument that TD Bank failed to meet its burden of satisfying all three steps of 28 U.S.C. § 1446(d): (1) serving notice on the federal court; (2) serving notice on all adverse parties; and (3) filing the notice of removal with the state court.  TD Bank filed the notice of removal in federal court on December 11, 2020, TD Bank notified Plaintiff's counsel of the notice of removal on December 11, 2020, and TD Bank filed the notice of removal in state court on December 14. 2020. (ECF No. 14 at 5-6; 14-2 at 3-4).  Accordingly, these three steps were all satisfied prior to the NJ Defendants being served in accordance with New Jersey law.