```
            UNITED STATES DISTRICT COURT
               DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| MELISSA BLOUNT, | No. 1:20-cv-18805-NLH-MJS |
| Plaintiff, | |
| v. | OPINION |
| TD BANK, N.A., et al, | |
| Defendants. | |

**APPEARANCES**:

DESHA JACKSON
DESHA JACKSON LAW GROUP, LLC
4400 ROUTE 9 SOUTH
SUITE 1000
FREEHOLD, NJ 07728

    *On behalf of Melissa Blount*

RUDOLPH J. BURSHNIC
MORGAN, LEWIS & BOCKIUS LLP
502 CARNEGIE CENTER
PRINCETON, NJ 08540-6289

A. KLAIR FITZPATRICK
MORGAN LEWIS & BOCKIUS
1701 MARKET STREET
PHILADELPHIA, PA 19103

    *On behalf of TD Bank, N.A., Amber Carroll, and Scott Lindner*

ERIN KATHLEEN CLARKE
MONTGOMERY MCCRACKEN WALKER & RHOADS LLP
457 HADDONFIELD ROAD
SUITE 600
CHERRY HILL, NJ 08002

RENEE NUNLEY SMITH
MONTGOMERY MCCRACKEN WALKER & RHOADS
1735 MARKET STREET
21ST FLOOR
PHILADELPHIA, PA 19103

WILLIAM K. KENNEDY, II
BALLARD SPAHR ANDREWS & INGERSOLL, LLP
MAIN STREET
PLAZA 1000-SUITE 500
VORHEES, NJ 08043-4636

    *On behalf of Rick Bechtel*

**HILLMAN**, **District Judge**

    Now before the Court are the motion to dismiss Plaintiff's Second Amended Complaint by TD Bank, N.A. ("TD Bank"), Amber Carroll, and Scott Lindner (ECF 25) and the motion to dismiss Plaintiff's Second Amended Complaint by Rick Bechtel (ECF 40) (collectively, "Defendants"). As explained below, the Court will dismiss Plaintiff's complaint with leave to file an amended complaint within twenty (20) days of the date of the Order accompanying this Opinion.

## BACKGROUND

    The facts underlying this action are rather hard to discern given the disjointed and convoluted drafting of the Second Amended Complaint. The Court recites the few facts that appear

clear to it as best as it is able. Plaintiff was an employee of TD Bank from 2006 through 2020. (See generally ECF 13). During that time Plaintiff worked in "various positions". (Id. at 2). It appears from her single-spaced 284-paragraph complaint that in 2019 Plaintiff called Carroll to indicate that Lindner had taken some action that was against the law. (Id.) The date that Lindner took the alleged action and the date that Plaintiff reached out to Carroll are unclear. (Id.) Plaintiff indicates that after she made that complaint, she received phone calls from Lindner related to projects that she was working on. (Id. at 3). Plaintiff appears to be claiming that, on October 30, 2019, a few weeks after she made her complaint, she was called into a meeting and told that she was going to be laid off effective January 3, 2020. (Id.) Plaintiff claims that she was the only person in her group laid off. (Id.) She also claims that Lindner criticized her work product between the time she was told she was going to be laid off and the termination of her employment. (Id. at 3-4).

Plaintiff then attempts to broaden the scope of her complaint and states, "Throughout her tenure with TD Bank, Ms. Blount was subjected to racial discrimination." (Id. at 4). The next fourteen pages consist of what appear to be a retelling of different events that occurred between 2006 and 2020 that she alleges show a pattern of discrimination against Plaintiff.

3

(Id. at 4-18). These retellings are out of chronological order, at times repetitive, and reference the names of individuals without context as to how they are relevant to Plaintiff's complaint. (Id.) At times, Plaintiff recounts events without indicating the names of the individuals involved at all. (Id.)

Plaintiff's Complaint contains eight counts as follows: (1) Violation of New Jersey's Conscientious Employee Protection Act, N.J.S.A. 34:19-1, et seq. ("CEPA"); (2) Violation of the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1 et. seq., ("NJLAD") on the basis of race; (3) Violation of the NJLAD on the basis of a hostile work environment; (4) Intentional Infliction of Emotional Distress; (5) Violation of the NJLAD on the basis of age; (6) Violation of the NJLAD through aiding and abetting; (7) Violation of the NJLAD by failure to promote on the basis of race; and (8) Wrongful termination. Notably, the counts do not indicate to which of the Defendants they are directed.

Plaintiff originally filed a complaint in this action on December 9, 2020 in the Superior Court of New Jersey, Law Division, Camden County. (ECF 1 at 2). Thereafter, on December 11, 2020, TD Bank filed a notice of removal before this Court on the basis of diversity jurisdiction. (See id.). On January 8, 2021, Plaintiff filed a motion to remand this action back to state court (ECF 9), which this Court denied on June 28, 2021.

4

(ECF 22, 23).  In the intervening time, on February 10, 2021, Plaintiff filed a Second Amended Complaint (ECF 13).  Defendants TD Bank, Carroll, and Lindner moved to dismiss the Second Amended Complaint on July 28, 2021 (ECF 25) and Bechtel moved to dismiss the Complaint on November 1, 2021 (ECF 40).[1]  All Defendants move on substantively the same grounds across both motions, namely, that the Second Amended Complaint violates the notice pleading standard under Federal Rule of Civil Procedure 8, certain portions of the Complaint should be struck pursuant to Rule 12(f), and Plaintiff fails to state a claim under Rule 12(b)(6).  The Court will only reach Defendants' first argument, as it finds that the Second Amended Complaint violates Rule 8.

## DISCUSSION

I. **Subject Matter Jurisdiction**

This Court has jurisdiction over Plaintiff's federal claims under 28 U.S.C. § 1331 and supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367.

II. **Standard for a Complaint's Compliance with Rule 8**

Under Rule 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  Rule 8(d)(1)

---

[1] It appears that Bechtel was asked to waive service after the other Defendants were served and did so in September 2021.  (ECF 32).

similarly mandates that "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1).

"While a complaint attacked by a [] motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . ." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original) (citations omitted) (first citing Conley v. Gibson, 355 U.S. 41, 47 (1957); Sanjuan v. Am. Bd. of Psychiatry & Neurology, Inc., 40 F.3d 247, 251 (7th Cir. 1994); and then citing Papasan v. Allain, 478 U.S. 265, 286 (1986)). In other words, in order to satisfy Rule 8(a)(2), a plaintiff's allegations must have some "heft" that suggests entitlement to relief. Twombly, 550 U.S. at 557.

A complaint that reads like a plaintiff's personal "diary" and is "rambling and confusing" does not meet the standard under Rule 8(a)(2). Pilkey v. Lappin, No. CIV.A.05-5314(JBS), 2006 WL 1797756, at *1 (D.N.J. June 26, 2006). Similarly, a complaint that "meander[s] back and forth across overlapping, yet distinct sets of named defendants" and [is] drafted in a hyper-detailed manner that makes it arduous to sift through [the] complaint and stitch together the relevant allegations in relation" to each count runs afoul Rule 8. Williams v. Willingboro Twp., No.

6

CV201114RBKJS, 2020 WL 3481773, at *2 (D.N.J. June 26, 2020) (internal quotation marks and alterations omitted).  In short, a complaint that consists of "rambling, disjointed, and often incoherent factual statements[]" should be dismissed.  See Tucker v. Sec'y U.S. Dep't of Health & Hum. Servs., 645 F. App'x 136, 137 (3d Cir. 2016).  Finally, compliance with Rule 8 requires that the complaint identify which allegations apply to which counts and which counts apply to which defendants.  Pereira v. Azevedo, No. CIV.A. 12-907 JLL, 2013 WL 1655988, at *2 (D.N.J. Apr. 17, 2013) ("Having failed to identify which particular claim is asserted in each count of her Amended Complaint and/or which claims are being asserted against which particular defendants, Plaintiff's Amended Complaint could be dismissed, in its entirety, for failure to meet the Rule 8(a) pleading requirement.").

**III. Analysis**

The Court will dismiss Plaintiff's complaint because it is not a "short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2).  Rather, the Second Amended Complaint spans thirty-two pages and consists of 284 single-spaced paragraphs.  (See ECF 13).  None of the eight counts identifies specifically against which Defendants they are directed, making it hard, if not impossible, for Defendants to properly respond to the Second Amended

7

Complaint. Gary v. Albino, No. CIV.10-886 (NLH), 2010 WL 2546037, at *7 (D.N.J. June 21, 2010) (A sufficient complaint identifies "which Defendant did what and when, and what were the exact injuries that were suffered by the particular Plaintiff as a result of the Defendant's aforesaid acts."). That alone makes the complaint insufficient per Rule 8. Pereira, 2013 WL 1655988 at *2.

    The Second Amended Complaint appears to start by recounting events that happened in the Fall of 2019, apparently related to a complaint that Plaintiff made related to one of the Defendants, Lindner. However, Plaintiff does not identify exactly what alleged actions taken by Lindner underlie the complaint that she made. (ECF 13 at 2 (saying that the violation was "giving early product access to the mortgage loan officers" but not explaining what the product was, what access was given, and who the officers were)). The Second Amended Complaint is also confusing in the sense that it does not clearly identify the date and manner that she made her complaint to her supervisor, Carroll. (Id. at 2-3). Plaintiff alleges that her employment was terminated as a result of the complaint that she made to Carroll and that in the time between the conversation where she was notified that her employment was being terminated and her last day, Lindner was "harassing" her with phone calls, but does not give specific dates or explain in

8

what ways the calls were harassing.  (Id. at 3-4).

Beyond that, the Second Amended Complaint devolves into various accounts of different instances that occurred between 2006 and 2020 that Plaintiff appears to be alleging raise an inference of racial and age discrimination by Defendants.  (See generally id.).  These events are not presented in any logical order, let alone chronological order and the Court cannot discern what relation they have to the counts in the Second Amended Complaint.  Wilcher v. Potter, No. CIV. A. 08-2723 NLH, 2009 WL 235497, at *1 (D.N.J. Jan. 29, 2009) (dismissing the complaint under Rule 8 because "the alleged facts do not appear in any type of order, i.e., chronological order.").  Plaintiff also references the names of random individuals out of context or recounts events without identifying the names of any of individuals involved in a given event, which further bogs down the narrative of the Second Amended Complaint and makes the core allegations hard to parse out.[2]  See id.  ("A review of

---

[2] Defendants argue that many of the paragraphs in the Second Amended Complaint should be stricken pursuant to Rule 12(f) because the events that Plaintiff is recounting are outside of the statute of limitations period and are improper in that they discuss general mistreatment of black employees by Defendants without any nexus to Plaintiff.  (See ECF 25 at 14).  The Court declines to strike portions of the Second Amended Complaint on that basis at this time.  Williams, 2020 WL 3481773 at *2 (allowing a plaintiff whose complaint violated Rule 8 an amendment to explain why the statute of limitations should be tolled to account for earlier events).  However, the Court cautions Plaintiff that if Plaintiff does not connect events

plaintiff's amended complaint reveals that the factual recitation lacks clarity. Plaintiff refers to individuals who are not parties and does not explain how their conduct relates to his claims. Plaintiff also alleges facts without putting them in any context so that it is difficult to understanding their meaning or importance.").

Given that this matter implicates issues related to civil rights, the Court will afford Plaintiff one more opportunity to file an amended pleading. Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc., 482 F.3d 247, 251 (3d Cir. 2007) ("Our precedent supports the notion that in civil rights cases district courts must offer amendment—irrespective of whether it is requested—when dismissing a case for failure to state a claim unless doing so would be inequitable or futile."). Though Plaintiff has already amended her complaint more than once, this will be her first opportunity to do so following fulsome briefing on motions to dismiss and after the benefit of receiving an Opinion from this Court. Thus, the Court does not find that one more chance to amend would be inequitable. Similarly, the Court cannot say that amendment would be futile because the Second Amended Complaint, as written, is so

---

prior to the limitations period and in connection with other employees to her specific case in an amended complaint, the Court will not hesitate to dismiss that complaint with prejudice.

10

convoluted that the Court cannot discern the bounds of the allegations.[3] Gary, 2010 WL 2546037 at *7 n.10 (allowing amendment after finding a complaint was deficient under Rule 8 where "the Court cannot conduct a meaningful screening of his pleadings."); Santiago v. City of Vineland, 107 F. Supp. 2d 512, 567 (D.N.J. 2000) ("New Jersey courts and courts interpreting New Jersey law have held that common law claims for wrongful discharge in violation of public policy are preempted when a statutory remedy under the NJLAD exists.").

If Plaintiff chooses to file an amended complaint, Plaintiff should (1) refrain from repeating allegations unless absolutely necessary; (2) identify the allegations related to each Defendant in a consolidated matter; (3) present the allegations in chronological order to the extent possible; and (4) identify which counts apply to which Defendants. See Hedrick v. United States, No. CV201730RBKAMD, 2020 WL 6391192, at *3 (D.N.J. Nov. 2, 2020), dismissed sub nom. Hedrick v. USA,

---

[3] That said, the Court cautions Plaintiff to be judicious in the repleading of a third amended complaint.  For instance, to the extent that Plaintiff pleads a count for wrongful termination along with NJLAD counts where the counts are based on the same factual predicate, the wrongful termination count will be preempted by the NJLAD counts.  Shinn v. FedEx Freight, Inc., No. 116CV777NLHKMW, 2018 WL 4275993, at *10 (D.N.J. Sept. 7, 2018), aff'd, 783 F. App'x 229 (3d Cir. 2019) ("Common law claims for wrongful termination are pre-empted when a statutory remedy exists.").

No. 20-3329, 2021 WL 5778467 (3d Cir. Nov. 30, 2021).

## CONCLUSION

For the reasons expressed above, Defendants' motions to dismiss the Second Amended Complaint (ECF 25, 40) will be granted.  Plaintiff shall have twenty (20) days to file an amended complaint.

An appropriate Order will be entered.


Date: September 19, 2022          s/ Noel L. Hillman
At Camden, New Jersey             NOEL L. HILLMAN, U.S.D.J.